# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6086-GW (FFMx) | Date | November 12, 2015 |
|---|---|---|---|
| Title | *Rivera v. Countrywide Home Loans, et al.* | | |

Present: The Honorable  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:       Attorneys Present for Defendants:

None Present                                           None Present

**PROCEEDINGS (IN CHAMBERS):   ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION**

    Carmen Rivera ("Plaintiff") sues Kirk Cartozian ("Cartozian"), Cartozian and Associates Real Estate, Inc. ("Cartozian and Associates"), Ralph Verdugo a.k.a. Rafael Verdugo ("Verdugo"), Countrywide Home Loans d.b.a. and a.k.a. Bank of America Home Loans a.k.a. Bank of America ("Countrywide"), and Select Portfolio Servicing, Inc. ("Select Portfolio") (collectively, "Defendants"), asserting two causes of action: (1) fraud, against all Defendants, and (2) intentional interference with business relationship, against Cartozian, Cartozian and Associates, and Verdugo. *See generally* First Am. Compl. ("FAC"), Docket No. 16. Plaintiff asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See id.* ¶ 7. As the party asserting jurisdiction, Plaintiff has the burden of establishing that subject matter jurisdiction exists before this matter proceeds further. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted). Plaintiff's jurisdictional allegations are presently insufficient.

    First, Plaintiff states that she is "a *resident* of Los Angeles County," FAC ¶ 1 (emphasis added), and Cartozian and Verdugo are "individual[s] *residing* in Los Angeles County," *id.* ¶¶ 3, 5 (emphasis added). For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person residing in a given state is not necessarily domiciled there, and thus, is not necessarily a citizen of that state. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is the place he or she physically resides with intent to make it a fixed and permanent home, while residence merely indicates living in a particular locality. *Id.* Plaintiff must assert her own citizenship, as well as the citizenship of Cartozian and Verdugo, by indicating the state in which each party is domiciled. Further, assuming that Plaintiff is a citizen of California, if Cartozian and/or Verdugo are citizens of California, their presence in this action defeats complete diversity. *See Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 553

:

Initials of Preparer    JG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6086-GW (FFMx) | Date | November 12, 2015 |
|---|---|---|---|
| Title | *Rivera v. Countrywide Home Loans, et al.* | | |

(2005).

Second, assuming that Plaintiff is a citizen of California, Select Portfolio's presence to this action appears to defeat complete diversity. A corporation is a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Plaintiff alleges that Select Portfolio is "incorporated under . . . California law." *See* FAC ¶ 6. As such, Select Portfolio is a citizen of California, thereby destroying diversity. *See* 28 U.S.C. § 1332(c)(1). In addition, in order for the Court to determine whether diversity jurisdiction exists, Plaintiff must also assert Select Portfolio's principal place of business. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93 (2010) (holding that a corporation's principal place of business is the place its board and high level officers direct, control and coordinate the corporation's activities).

Third, Plaintiff fails to indicate which form the entities Countrywide and Cartozian and Associates take. "[I]n cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 896 (9th Cir. 2006). Plaintiff alleges that Countrywide is "a business or corporation organized under Federal and state law and headquartered in Charlotte, North Carolina," *see* FAC ¶ 2, and Cartozian and Associates is "a business of unknown organization doing business in Los Angeles County California," *id.* ¶ 4. In order for the Court to determine whether diversity jurisdiction exists, Plaintiff must state what type of entity Countrywide is, what type of entity Cartozian and Associates is, and allege each entity's citizenship accordingly. *Johnson*, 437 F.3d at 896. For example, if either entity is a corporation, Plaintiff must state so, and further state the entity's place of incorporation and principal place of business. *See* 28 U.S.C. § 1332(c)(1).

Fourth, Plaintiff fails to allege an amount in controversy. For diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. The Court cannot exercise jurisdiction in this matter until Plaintiff alleges in good faith that the aggregate amount in controversy exceeds the statutory minimum. *See Rilling v. Burlington N. R.R. Co.*, 909 F.2d 399, 400 (9th Cir. 1990).

Thus, Plaintiff is hereby ordered to show cause, in writing and no later than November 19, 2015, as to why this action should not be dismissed for lack of subject matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (indicating that courts must assure themselves of the existence of subject matter jurisdiction before proceeding); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (same). Failure to cure the jurisdictional deficiencies will result in dismissal. Defendants' responses, if any, shall be filed no later than November 24, 2015. In light of the fact that

| | : | |
|---|---|---|
| | Initials of Preparer | JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6086-GW (FFMx) | Date | November 12, 2015 |
|---|---|---|---|
| Title | *Rivera v. Countrywide Home Loans, et al.* | | |

the Court does not appear to have jurisdiction, Select Portfolio's Motion to Dismiss, currently set for November 19, 2015, is hereby taken off calendar pending the resolution of these issues.

The Court further orders the Court Clerk promptly to serve this order on all parties who have appeared in the action.

:

Initials of Preparer    JG